FILED
CLERK

10/9/2025 2:24 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TERRY SMITH,

                Petitioner,

    -against-

A. BOYD,

                Respondent.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
24-CV-5111 (GRB)

**GARY R. BROWN, United States District Judge:**

    Petitioner Terry Smith ("Petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence for burglary in the third degree, grand larceny in the third degree, and petit larceny in the Supreme Court, County of Suffolk (the "state court"). On this petition, Petitioner raises two claims: (1) prosecutorial misconduct and (2) ineffective assistance of counsel. Docket Entry ("DE") 1. Because each of these claims is procedurally barred and/or substantively without merit, and because neither represents a procedure or decision that was contrary to, or an unreasonable application of, clearly established federal law, the petition is denied.

*Background*

    A review of the petition, filings by Respondent, and state court records reveals that Petitioner was convicted after entering a guilty plea,[1] at which time he admitted to a series of thefts. First, captured by a surveillance camera, on November 10, 2021, Petitioner purloined merchandise valued at $3,875 from a Lowe's store in Riverhead, Suffolk County. DE 6-2 at 80; DE 6-3 at 97. Second, on November 25, 2021, he broke into the same store and stole

---

[1] The transcript of the plea hearing, which took place on May 16, 2023, is referenced herein as "Plea Tr." (DE 6-3, ECF pp. 114-129.)

1

merchandise valued at $737. DE 6-3 at 101. On the surveillance video, Petitioner was observed entering a green Nissan Maxima. *Id.* The investigating police officers recognized the vehicle and located it and its owner at a local motel. *Id.* While speaking to the owner of the vehicle, one of the officers noticed Petitioner in the room, recognizing him by the clothing that he was wearing in the surveillance video. *Id.* The officers then arrested Petitioner, who was indicted on December 1, 2021. DE 6-4 at 63-64.

In response to a defense motion seeking, among other things, to preclude physical evidence seized from the motel and statements to law enforcement, DE 6-2 at 110-11, the state court held a hearing.[2] At that hearing, the prosecution conceded that Fourth Amendment violations had occurred during Petitioner's arrest and accordingly would not seek to introduce Petitioner's clothing seized from the motel room or his statements to law enforcement at trial. Hearing Tr. 2-3.

On May 16, 2023, Petitioner, represented by counsel, appeared before the court for a plea hearing. Plea Tr. 6. Before he entered his guilty plea, the court asked him whether he was satisfied with his defense attorney:

> THE COURT: Are you satisfied with Mr. Halverson's services?
> THE DEFENDANT: Not really, but I'm going to take the plea.
> THE COURT: What is the problem?
> THE DEFENDANT: A whole lot of problems, but I'm going to take the plea.
> THE COURT: Are you doing this intelligently and voluntary?
> THE DEFENDANT: Yes, I am.

Plea Tr. 6-7. Thereafter, Petitioner acknowledged the crimes that he committed on November 10 and November 25, 2021 and pled guilty to the charges of burglary in the third degree (New York

---

[2] The transcript of the evidentiary hearing, which took place on August 5, 2022, is referenced herein as "Hearing Tr." (DE 6-6, ECF pp. 2-9.)

2

Penal Law ["Penal Law"] § 140.20, class D felony), grand larceny in third degree (Penal Law § 155.35[1], class D felony), and petit larceny (Penal Law § 155.25, class A misdemeanor). Plea Tr. 11-15. The plea did not include a waiver of the right to appeal. *Id.* at 14. Ultimately, Petitioner was sentenced to concurrent terms of imprisonment and has since been released on parole.[3]

Petitioner collaterally attacked the judgment of conviction in state court by filing a motion pursuant to C.P.L. § 440.10.[4] In that motion, he argued that his counsel was ineffective by failing to seek suppression of the surveillance videos and subsequent identification of Petitioner. C.P.L. § 440.10 Mot. at 1-4. He also claimed that presenting the seized evidence to grand jury constituted prosecutorial misconduct. *Id.* at 6-9.

The court denied the motion under C.P.L. § 440.30 (4)(b) finding that the motion "[was] based upon the existence or occurrence of facts and the moving papers d[id] not contain sworn allegations substantiating or tending to substantiate all the essential facts." Dec. 14, 2023, Sup. Ct. Order, DE 6-3 at ECF pp. 27-29. In denying Petitioner's prosecutorial misconduct claim, the court found that Petitioner's moving papers were "facially insufficient with conclusory statements which are contradicted by the court record and unsupported by any other evidence or another affidavit." *Id.* at 2. Petitioner unsuccessfully sought leave to appeal from the denial in the Appellate Division, Second Department and the Court of Appeals. DE 6-7 at ECF pp. 16, 24.

It appears that Petitioner did not perfect his direct appeal.[5]

---

[3] New York State "Incarcerated Lookup" database indicates that Smith was released on parole on February 4, 2025. *See* https://nysdoccslookup.doccs.ny.gov/ (Accessed on September 29, 2025.) Nevertheless, since Smith filed the instant habeas petition while serving his sentence, the "in custody" requirement of 28 U.S.C. § 2254 is satisfied.

[4] Petitioner's motion pursuant to C.P.L. § 440.10 is reproduced in the state record and will be hereinafter referred to as "C.P.L. § 440.10 Mot." DE 6-3 at ECF pp. 31-50.

[5] While Smith filed a notice of appeal, DE 6-4 at ECF pp. 70, it appears that he failed to perfect it. *See People v. Smith*, 2024 N.Y. Slip Op. 62114(U), 2024 WL 510417 (App. Div. 2d Dept. 2024).

*Discussion*

*Standard of Review*

This petition is reviewed under the well-established standard of review of habeas corpus petitions, including the authority of this Court to review such matters, the application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the exhaustion doctrine, the independent and adequate procedural bar, the cause and prejudice exception, AEDPA deference, the evaluation of claims of ineffective assistance of counsel, and the liberal construction afforded to filings by *pro se* petitioners, as more fully discussed in *Licausi v. Griffin*, 460 F. Supp. 3d 242, 255–60 (E.D.N.Y. 2020), *appeal dismissed*, No. 20-1920, 2020 WL 7488607 (2d Cir. Nov. 17, 2020). The discussion of these principles set forth in *Licausi* is incorporated herein by reference.

*The Instant Petition*

Here, Petitioner seeks habeas relief based on the same two grounds set forth in his state court motion to vacate judgment: alleged prosecutorial misconduct in the grand jury proceedings and ineffective assistance of counsel.[6] DE 1 ¶ 12. Even construing the petition with the

---

Petitioner unsuccessfully moved to relieve his assigned appellate counsel. *See People v. Smith*, 2025 N.Y. Slip Op. 60592(U), 2025 WL 88527 (App. Div. 2d Dept. 2025). On August 18, 2025, the Second Department ordered Petitioner to show cause by September 18, 2025, explaining why his appeal should not be dismissed for failure to prosecute. *See People v. Smith*, 2025 N.Y. Slip Op. 74776(U), 2025 WL 2388400 (App. Div. 2d Dept. 2025). It is unclear whether Smith ever responded to the Second Department. Nevertheless, since the claims in the instant petition are identical to those raised by Petitioner in his C.P.L. § 440.10 motion, whether Petitioner pursued his direct appeal is not dispositive.

[6] While Respondent argues that the state court's denial of the motion procedurally bars the Court from considering Petitioner's claims therein, the Court acknowledges that C.P.L. § 440.30(4)(b) invoked by the state court does not present an independent state law ground but rather constitutes a denial of the motion on the merits, hence the claims raised in the motion are not procedurally barred. *See Giraldo v. Bradt*, Case No. 11-CV-2001, 2012 WL 38351123, at *8 (E.D.N.Y. Sept. 5, 2012) (citing *Garcia v. Portuondo*, 104 F.App'x 776, 779 (2d Cir. 2004)) (collecting cases).

solicitous treatment afforded to *pro se* pleadings, neither of the two raised grounds support habeas relief.

While both of Petitioner's claims have been exhausted,[7] they concern events that occurred before Petitioner pled guilty. Petitioner never challenged the validity of that plea. Therefore, the Court is precluded from entertaining the merits of these claims relating to pre-plea events.[8]

Furthermore, Petitioner's arguments also fail on the merits. First, the alleged prosecutorial misconduct is rooted in state law rights and is not cognizable on this habeas petition.[9] Even if the Court were to construe the claim as an alleged Fourth Amendment

---

[7] "[A] motion pursuant to C.P.L. § 440.10 cannot be used as a vehicle for an additional appeal or as a substitute for a direct appeal." *Pickney v. Lee*, No. 10-CV-1312, 2020 WL 6136302, at *9 (E.D.N.Y. Oct. 19, 2020) (internal quotations and citation omitted). Here, Petitioner's motion alleged facts outside the court record and as such, under the applicable New York standard, C.P.L § 440.10 was an appropriate vehicle for Petitioner to raise his claims. *See* C.P.L. § 440.10 (2)(b). Furthermore, Petitioner exhausted the state court remedies with respect to both claims by unsuccessfully attempting to obtain leave to appeal to the Second Department and to the Court of Appeals.

[8] It is undisputed that the events that Petitioner claims gave rise to his habeas claims of prosecutorial misconduct and ineffective assistance of counsel took place prior to Petitioner entering his guilty plea: the alleged prosecutorial misconduct related to evidence presented to the grand jury, and the counsel's alleged ineffectiveness stemmed from his efforts at the evidentiary hearing. It is well settled that "[i]f a petitioner has pleaded guilty to a crime, 'he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *Fernandez v. Annets*, No. 07-CV-3958428, 2010 WL 3958428, at *3 (E.D.N.Y. 2010) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). As such, both claims, relying on the allegedly unlawfully obtained evidence, which was then not suppressed by the state court, are foreclosed from review. *See Harring v. Prosise*, 462 U.S. 306, 321 (1983) (holding that where a petitioner "is convicted pursuant to his guilty plea, rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized.").

[9] Claims challenging grand jury proceedings are not cognizable on federal habeas review. *See Davis v. Mantello,* 42 F. App'x 488, 490 (2d Cir. 2002) ("Claims of deficiencies in state grand jury proceedings are not cognizable in a habeas corpus proceeding in federal court."). In New York, a grand jury indictment arises from the "State Constitution and other state laws . . . and federal habeas relief may not be granted for violations of state law." *Robinson v. LaClair,* No. 09-CV-3501, 2011 WL 115490, at *8 (E.D.N.Y. Jan. 13, 2011). Moreover, even if Petitioner could challenge a defective state court indictment on a federal habeas petition, "a knowing and voluntary

violation, it is nevertheless precluded from reviewing it.[10]  Finally, giving the state court's determinations appropriate deference under AEDPA and after independently reviewing the record, the Court finds that the state court's determination here was not an unreasonable determination of the facts before the court.  *See* 28 U.S.C. § 2254 (d)(2).

Second, Petitioner's claim of ineffective assistance is wholly without merit.  To the extent that its factual premise was considered by the state court, such determinations must be given deference by this Court under AEDPA.  The state court found that Petitioner's moving papers lacked any factual support for his claim of ineffective assistance.  DE 6-3 at 28.  In any event, appropriately deferring to the state court's determination, the denial of the ineffective assistance claim was not an unreasonable determination of facts before the court.  Nor was its decision either contrary to or an unreasonable application of clearly established federal law. [11]

---

guilty plea cures defects in the indictment and/or grand jury proceedings." *Rosado v. Lempke*, No. 12-CV-3512 (CBA), 2015 WL 5560363 at *5 (E.D.N.Y. May 9, 2015), *adopted by* No. 12-CV-3512 (CBA), 2015 WL 5567053 (E.D.N.Y. Sept. 21, 2015).

[10] "[I]t is well-settled that '[w]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the grounds that evidence [was] obtained in an unconstitutional search and seizure.'" *Love v. Superintendent of Otisville Corr. Facility*, No. 16-CV-2937 (JFB), 2017 WL 4233011, at *6 (E.D.N.Y. Sept. 22, 2017) (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)).  The Second Circuit provides two exceptions to the *Stone v. Powell* bar, permitting the review "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1995).  Petitioner fails to demonstrate that either of the two exceptions applies here.  The record shows that Petitioner's counsel not only moved to suppress evidence but succeeded in doing so when the prosecution admitted to a Fourth Amendment violation and was precluded from introducing Petitioner's clothing at trial.  Therefore, Petitioner used the "adequate corrective procedures for litigating [his] Fourth Amendment claim[]." *Love*, 2017 WL 4233011 at *6.  Petitioner's claim that his counsel was ineffective because he did not succeed at precluding all evidence against Petitioner is not supported by the record before the Court.

[11] "Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).  Under *Strickland*, to successfully claim ineffective assistance of counsel, a petitioner must demonstrate

Thus, the petition is denied in its entirety.

*Conclusion*

Because the Court has considered all of Petitioner's arguments and found them meritless, the petition is DENIED. A certificate of appealability shall not be issued because Petitioner has not made a substantial showing that he was denied any constitutional rights. *See* 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal of this Order would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and to close the case.

**SO ORDERED.**

Dated: October 9, 2025
      Central Islip, New York

                                      /s/ Gary R. Brown
                                      HON. GARY R. BROWN
                                      UNITED STATES DISTRICT JUDGE

---

both that his counsel provided deficient representation, and that this deficiency caused prejudice to the petitioner. 466 U.S. at 687. Petitioner's present habeas claim of ineffective assistance fails to satisfy either prong of *Strickland*. After the prosecution conceded a Fourth Amendment violation, counsel had no basis to seek suppression of the remaining evidence, including the surveillance video. The surveillance videos were not seized at the motel room, and any attempt to suppress the identification of Petitioner from the videos would fail. Since a failure to make a frivolous or meritless argument does not constitute deficient performance within the meaning of *Strickland*, Petitioner's claim necessarily fails. *See Parks v. Sheahan*, 104 F. Supp. 3d 271, 285 (E.D.N.Y. 2015).